Your Honor,

It's been (more) yet another month since my last court appearance, at which point I was allowed, with backup counsel, to represent myself. I would preferred to have the steady hand of trained legal representation in the drafting of this letter, but after notifying the court in writing, and two subsequent calls to the public defenders office where upon I was promptly told both times that there was no one from their office appointed to represent me, I now find myself burdened with the weight of each word I write, trying not offend or say something that might have some unforseen or unintended effect. So I asked to have my sentiments here ascribed construed with the gentlest reading, yet hear them with all the frustration and confusion that I feel, but understand that its not directed at the Court, or even the prosecution for that matter. With this in mind I would now like to amend and or add to previous argued 3553 factors, and ask the Court for its patience in what admittedly at times, viewed seperately, may come across as a nuance and unrealistic expectation of ones self-inflicted circumstances. It is nonetheless my contention that in their totality, cummulatively adds to a preponderance of non-frivolous, mitigating reasoning to vary and or depart downward from the recommended sentencing guidelines.

On October 13 2022 I was apprehended by law enforcement authorities on charges that were undoubtedly a federal offense, yet for almost six months to the day I was allowed to languish before being formally charged, indicted just a week after a pursued proffer. It then, expeditely as I could entered a plea of guilty with the intention on cooperating.

At the plea hearing, because of discrepancies of what was explained to me and what I was hearing, the signing was postponed to allow me and my attorney, Mr. Robinson, time to confer.

Because of the nature of the cooperation agreement, my attorney thought it best to go over it with me apposed to giving it to me and some other inmate to happen to stumble across it. So I hadn't yet seen the paperwork. I was told, however, that the Government would not agree to a 3 level reduction for acceptance of responsibility, but they did agree to drop the mandatory 5 year sentence for the 924(c). and my priors would not be used to enhance my sentence. So when I was in Court hearing what I was pleading to, I asked the judge for a moment to speak with my lawyer. And the record will directly reflect this, and at the exact moment of the charge of 924(c). As those were the circumstances and impression that I

was left with when I later asked could I sign the agreement without the cooperation portion attached. It wasn't untill after I had recieved the ~~mail~~ plea through the mail did I realize that the government had in fact agreed to my requested 3 point reduction, and that my attorney, Mr. Robinson had mistakenly reffered to the 922(G) to the dismissed 924(c) offense.

So that, your Honor, is the reason theres no signed cooperation agreement between me and the government in the first place. And now it appears, as stated by the prosecution in open court, that that opportunity is "unlikely".

I ask the Court why that might be?

I notified Mr. Robinson of my intent to cooperate shortly after the entrance of my guilty plea, which can be proven if he's handed all correspondence between him I. And thats not enough, it can not be disputed that my sentencing was put off under a sealed motion to allow time so that I may be debriefed. If it was not for the concerns I raised just before the imposition of sentencing, ie "Sentencing entrapment" as I had presumed and in which Mr. Robinson now claims, and it was to in fact to be debriefed, then I think it would be more than reasonable that investigators believed I had something of substance to say.

It is now well established that a prosecutor violates the due process clause of the fifth Amendment by exacting a

price for a defendant exercise of a clearly established right or by punishing the defendants for doing what the law plainly allows him to do. And if he is unable to prove an improper motive with direct evidence, he may still present evidence of circumstances from which an improper vindictive motive may be presumed.

Due Process requires that a criminal defendant be afforded an adequate opportunity to challenge the factual basis "for increasing his offense level under the Guidelines."

So your Honor, after proffering and pleading out as expediately as I possibly could, two postponed sentencing dates, and even now, my next court date unknown, I ask the court to consider, along with other 3553(a) factors before mentioned: the nature and length of pre-sentencing confinement, which consisted of inadequate healthcare; the option for dental relief is to have the tooth extracted (I just need fillings refilled) lack of physical contact with love ones, lack of fresh air, all the while subjugated to the highest prices for inferior items. And for more than a year, your Honor, I and other inmates have been force to use the bathroom surrounded by puddles of water, the toilets, which for some reason just can't be fixed, leaking every time there flushed, attracting fruit flies and other insects.

Incidentally, they tried to fix this

to the prosection as well.
— Blackledge V. Perry

So your Honor, after proffering and pleading out as expediately as possible, two postponed sentencing dates, all the while making self available for debriefing, as the Court to please consider the nature and lenght of pre-sentencing confinement. whereapon I was subjugated to inadequate healthcare, the only option for dental relief is to have the tooth extracted, lack of phyiscal contact with loveones; fresh-air, and made to pay the highest prices for inferior items. And for more than a year now, your Honor, myself as well as other inmates have been force to use the bathrooms surrounded by water, the toilets, which for some reason that just can't be fix, leaking ever time there flushed, attracting all kinds of insects, as well as my demostrated, good-faith willingness and ability to coo-perate under 3553 requirements of nature and circumstances of the offense.

interim

morning. It still leaks, and a few hours later would not flush at all. All this can be verified of course. Western Tidewater Regional Jail. E-5.

And to be clear your Honor, this is not in comparison to the essentials that you and other law abiding citizens enjoy. My thoughts are in relation to prison, where I would have been if not for investigators desire for my cooperation.

So I ask the Court to consider also, my demonstrated, good-faith attempt and ability to assist and cooperate with investigators, and that only a presumption of vindictiveness appears to have stood in the way of that initiative.

In closing your Honor, I realized that my sentencing entrapment claim might be imperfect, and under 4th circuit precedent either stance is unlikely to prevail. However, after Booker, a claim of sentencing entrapment and sentencing factor manipulation may also be raised as a request for a variance based on 3553(a)'s requirement that the district court consider the "nature and circumstances of the offense," and the prior, more rigid standard for a downward departure is not applicable to a variance request.

"The Court clarified with Lucas that he was not raising a sentencing entrapment or sentencing manipulation claim, and that his argument was centered on his culpability under the 3553(a) factors."
United States V. Lucas 4th cir.

Amend. Application Note to Sec 2D1.1, p. 786. As this Amendment illustrates, the Sentencing Commission now expressly recognizes that law enforcement agents should not be allowed to structure sting operations in such a way as to maximize the sentences imposed on defendants.
Futher, under Application note 15, a downward departure is warranted

when a form of sentencing entrapment occurs.

Congress created the commission in 1984 to provide guidance, clarity, and fairness in sentencing. See 28 U.S.C. 991 (b). The Guidelines reflect the commissions efforts to that end and assist the federal courts in imposing appropriate sentences on a case by case basis. To ensure that the Guidelines reflect current views on criminal behavior and account for revisions to statutory provisions, Congress has empowered the Commission to amen the Guidelines. Those admendments are effective unless "otherwise modified or disapproved by act of Congress."

"We have similarly recognized the Comissions power to overide our precedent through admenments to the Guidelines." See United States V. Capers 1995

"As Goines explained, if a clarifying admendment "Conflicts with our precedent," we recognize that it has "the effect of changing the law in this circuit."

Sincerely,
LaShawn Pullie

Xashawn Tullie #[illegible]
2902 Godwin Blvd
Western Tidewater Regional
Suffolk, Va

the Honorable Judge Allen United States District Court
600 Granby Street Norfolk, Va 23510 # 200